IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,908-01




EX PARTE DWIGHT BYRD, AKA CHARLES REED, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 07-12-00171-CRK IN THE 81ST DISTRICT COURT
FROM KARNES COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
of a public servant and possession of a deadly weapon in a penal institution and was sentenced to
imprisonment for life and twenty years, respectively. The Fourth Court of Appeals affirmed his
convictions. Byrd v. State, No. 04-08-00313-CR (Tex. App.–San Antonio, delivered July 1, 2009,
pet. ref’d). 
            On June 9, 2010, we remanded this application and directed the trial court to order trial and
appellate counsel to file affidavits in response to Applicant’s ineffective assistance of counsel claims.
On remand, the trial court adopted the State’s proposed findings of fact and conclusions of law, but
the habeas record does not contain any affidavits from either trial or appellate counsel. Therefore,
in order to properly supplement the record in this cause, the trial court shall order counsel to file
affidavits. 
            After receiving counsel’s affidavits, the trial court shall make further findings of fact as to
whether the performance of Applicant’s trial and appellate was deficient and, if so, whether
Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant’s claims for habeas
corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 15, 2010
Do not publish